WALLACE, JUDGE:
Bessie M. Stone filed this claim' against the respondent by her son, Charles H. Stone, as her attorney in fact, asking for removal of a ferry approach road over the claimant’s property in Henderson, West Virginia.
After the Silver Bridge collapse at Point Pleasant, West Virginia, on December 15, 1967, it was necessary to establish ferry service between West Virginia and Ohio. In early 1968, a ferry approach and access road were built by the respondent in Henderson, West Virginia. The access road was constructed *144 from Locust Street to the ferry approach on the Kanawha River over a parcel of land owned by the claimant. This road was used for traffic until a new bridge was built and opened in December of 1969.
The road was used again for ferry service when the new bridge was closed for repairs from July to October 1977. The claimant and respondent are presently litigating the amount of compensation for this temporary use in a condemnation suit brought by the respondent.
The claimant contends that by virtue of a letter dated February 23, 1968, from the respondent to John G. Anderson, the attorney for the Town of Henderson, that the respondent was required to remove the access road from claimant’s property after the ferry service was terminated; that the letter was a contract between the respondent and the Town of Henderson; and that the claimant was a third-party beneficiary of the contract. The pertinent part of the letter relied upon by the claimant states:
“The access from Locust Street to the river edge will also be maintained by the Commission, and, upon termination of the ferry service, the access road will be removed and that section of sidewalks removed will be replaced.”
Claimant did not know of the existence of this letter until a copy was furnished her counsel in the fall of 1978.
In its Answer, the respondent contends that the claim was not in the proper form; that the claim was a proper matter for a condemnation proceeding; and that the claimant was barred by the doctrine of laches. Respondent also filed a motion to dismiss on the grounds that the claim is barred by the statute of limitations.
By a post-hearing stipulation, the cliamant and the respondent submitted to the Court two leases and a sublease to be considered as part of the record in this claim. All of the instruments are of record in the Office of the Clerk of the County Commission of Mason County, West Virginia, where the leased premises are situate. One of the leases, dated January 31, 1968, and recorded March 18, 1968, in Deed Book 208 at page *145 531, which was executed by the claimant and her late husband, leases to Ohio Valley Towing, Inc., two parcels of land “for use as roadways and approaches to ferry landing. . .for the incidental use in the ferry service.” One of the parcels is in the City of Point Pleasant, being the river frontage between “Lot 125 and the Kanawha River at the foot of Main Street,” the other being Lot 5 in the Town of Henderson over which the road in question runs. The lease provided for an annual rental of $730.00, representing $365.00 for each parcel for a term of five years, and for “such further number of years as may be desired by Ohio Valley until a bridge across the Ohio River near Point Pleasant shall have been built and opened. . . .” The lease further provided:
“Improvements made to said parcels by Ohio Valley or anyone for it, or on its behalf, including the State Road Commission shall remain on said parcels after the termination of this lease, including but not limited to any and all roadways, streets, permanent ramps....”
The other lease, recorded in Deed Book 200 at page 174, is an agreement dated February 1, 1966, and recorded February 24, 1966, between the claimant and her late husband to R. E. & E. Towing, Inc., a corporation. According to that document, claimant’s river front property on the Kanawha River was leased for a period of fifty years at a rental of $350.00 per year. R. E. & E. Towing, Inc., subleased to Ohio Valley Towing, Inc., by instrument of record in Deed Book 208 at page 529, dated January 31, 1968, and recorded March 18, 1968, the parcel that extended along the Kanawha River bank in front of Lot 5 above Ferry Street to the mouth of the Kanawha River. This sublease contained the same clause herein above quoted, which was not contained in the original lease, that improvements made to the property, including roadways, were to remain on the parcels leased.
The sublease provided for a rental of $365.00 per year, and the same term of “five years and for such further years until a bridge across the Ohio River near Point Pleasant shall have been built and opened.”
There is no provision in the statute creating this Court wherein it can order or direct an agency to accomplish certain *146 acts or perform certain work. This Court has no authority or jurisdiction to order the respondent to remove the road. Its authority extends only to an award of damages. If the Court finds for the claimant, any such finding must sound in damages.
The claimant relies upon the letter of February 23, 1968, as a contract between the respondent and the Town of Henderson, and believes the claimant to be a third-party beneficiary of the contract. The lease agreements entered into by the claimant and the towing company provide that any roadway constructed shall not be removed. The leases provided that compensation be paid to the claimant. The leasing of the premises in question by the claimant eliminates the aspect of a taking by the respondent. If the respondent had taken the premises without just compensation, the claimant would have the remedy of mandamus to compel the respondent to condemn the premises.
From the record in this claim, the Court is of the opinion that the leasing of the premises by the claimant, and the provision in the lease against removal of the road, bars recovery by the claimant for damages to her property. Accordingly, the claim is disallowed.
Claim disallowed.